UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEANNE MARIE PALMER,

    Plaintiff,

v.                                  Case No. 1:13-cv-546
                                    Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on August 26, 1986 (AR 241).[1] She alleged a disability onset date of June 11, 2009 (AR 241). Plaintiff completed the 12th grade and had previous employment as a cashier, a shift manager at a fast food restaurant, and a supervisor at a fast food/grocery store (AR 247). She identified her disabling conditions as spondylosis, ovarian disease, asthma, depression, anxiety and sciatica (AR 246). The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits on October 21, 2011 (AR 16-28). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 11, 2009 and that she met the insured status requirements under the Act through December 31, 2013 (AR 18). At the second step, the ALJ found that plaintiff had a severe impairments of: lumbar myofascial pain; affective disorder; anxiety with posttraumatic stress disorder and panic attacks; and polysubstance abuse in remission (AR 18). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 13). Specifically, plaintiff did not meet Listings 12.04 (affective disorders), 12.06 (anxiety related disorders) or 12.09 (substance addiction disorders) (AR 18-20).

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand only two hours during an eight hour workday; can never climb ladders, ropes or scaffolds; can only occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs; must avoid concentrated exposure to dangerous pulmonary irritants such as fumes, odors, dusts, gasses, poor ventilation and chemicals; and is limited to performing simple, routine and repetitive tasks.

(AR 20). The ALJ also found that plaintiff was unable to perform any past relevant work (AR 26).

At the fifth step, the ALJ determined that plaintiff could perform a range of unskilled light work in the national economy (AR 27). The work included the following positions in the State of Michigan: assembler (18,000 jobs); inspection sorter (5,000 jobs); and non-retail clerk (8,000

jobs) (AR 27). Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from June 11, 2009 (the alleged onset date) through October 21, 2011 (the date of the decision) (AR 27-28).

### III. ANALYSIS

Plaintiff raised one issue on appeal:

**Did the ALJ err by giving significant weight to the opinion of a single decision maker that is not opinion evidence entitled to any weight, and using it as the basis for plaintiff's residual functional capacity (RFC)?**

Plaintiff contends that the ALJ improperly relied on the medical opinion of an agency's single decision maker (SDM) who was not a physician. One court explained the SDM model used in disability determinations as follows:

> The single-decision maker (SDM) model was used pursuant to 20 C.F.R. § 404.906(b)(2). This regulation provides streamlined procedures as an experiment, in which State Agency disability examiners may decide cases without documenting medical opinions from State Agency medical consultants. The "single decisionmaker model" was an experimental modification of the disability determination process that happens to have been used in Michigan. This experiment eliminated the reconsideration level of review and allowed claims to go straight from initial denial to ALJ hearing. Most significantly, it allowed the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants. The Programs Operations Manual System (POMS) requires it to "be clear to the appeal-level adjudicator when the SSA–4734–BK [the PRFC assessment form] was completed by an SDM because SDM-completed forms are not opinion evidence at the appeal levels." POMS DI § 24510.05.

*Guyaux v. Commissioner of Social Security*, No. 13-12076, 2014 WL 4197353 at *17 (E.D. Mich. Aug. 22, 2014) (footnote and citations omitted). "Once the claimant's application reaches the ALJ, however, the SDM's assessment is no longer relevant to the determination of disability." *White v.*

5

*Commissioner of Social Security*, No. 12-cv-12833, 2013 WL 4414727 at *8 (E.D. Mich. Aug. 14,2013). "As the SDM is not a medical professional, his or her opinion is entitled to no weight." *Lopez v. Astrue*, 805 F.Supp.2d 1081, 1092 (D. Colo. 2011).

Here, the ALJ addressed the SDM's opinion, specifically a physical RFC assessment, as follows:

> On April 29, 2010, Department of Disability Services employee, James Veltman, reviewed the claimant's medical records and completed a physical residual functional capacity assessment regarding the claimant's physical capabilities. (Exhibit 21F) Mr. Veltman found that the claimant could perform work at the light exertional level. (Exhibit 21F, p. 2) He also determined that the claimant could never climb ladders ropes or scaffolds; could only occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs; and had to avoid concentrated exposure to fumes, odors, dusts, gasses and poor ventilation. (Exhibit 21F, p. 3, 5) Mr. Veltman's opinion is given significant weight. Although Mr. Veltman does not have the medical training to fully assess the claimant's condition, his opinion is largely consistent with the medical evidence of record and the claimant's actual degree of limitation.

(AR 23-24).

The ALJ erred when he gave significant weight to Mr. Veltman's RFC assessment. Indeed, defendant acknowledged "that the ALJ erroneously accorded weight to the opinion of the state agency analyst, James Veltman." Defendant's Brief at p. 8. The undersigned joins those courts which have determined that it is reversible error for an ALJ to treat the opinion of a non-physician SDM as that of a physician. *See Siverio v. Commissioner of Social Security*, 461 Fed. Appx. 869, 871-72 (11th Cir. 2012) (it is not harmless error when an ALJ gives significant weight to the opinion of an SDM with no apparent medical credentials); *Hensley v. Commissioner of Social Security,* No. 10-11960, 2011 WL 4407458 at *8-9 (E.D. Mich. Aug. 23, 2011) (where an ALJ believed that an SDM was actually a physician and relied heavily on that opinion to establish the claimant's RFC, the ALJ's error required a remand for redetermination of the claimant's functional capacity). *See*

*also*, *Fowler v. Commissioner of Social Security*, No. 12-12637, 2013 WL 5372883 at *4 (E.D. Mich. Sept. 25, 2013) ("[t]he Commissioner's attempt to expand the application of the SDM model beyond the initial determination of disability and through proceedings before the ALJ is unpersuasive"); *Maynard v. Astrue*, No. 11-12221, 2012 WL 5471150 at *6-7 (E. D. Mich. Nov. 9, 2012) (where an ALJ erroneously relied on an SDM's opinion as state agency medical opinion, the error required a remand for further proceedings); *Dorrough v. Commissioner of Social Security*, No. 11-12447, 2012 WL 4513621 at *1-2 (E.D. Mich. Oct. 2, 2012) (the use of the SDM meant that there were no "medical opinions of the State agency and consultative physician" upon which the ALJ could properly have relied in determining whether the claimant met the requirements of a listed impairment).

### IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate plaintiff's RFC without reference to Mr. Veltman's assessment.  A judgment consistent with this opinion will be issued forthwith.


Dated:  September 22, 2014                    /s/ Hugh W. Brenneman, Jr.
                                              HUGH W. BRENNEMAN, JR.
                                              United States Magistrate Judge